## HONOLULU ATHLETIC PARK, LIMITED, A CORPORATION, *v.* H. G. LOWRY, BILLY ORR, CHARLEY REISBERG, JUSTIN FITZGERALD, ROY McARDLE, JOHNNY KANE, "TOOTS" BLISS, CLAUDE WILLIAMS, LOU KENNEDY, JIM SCOTT, ED. KLEPFER, FRED DERRICK, DON RADER AND JACK BLISS.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

HON. T. B. STUART, JUDGE.

SUBMITTED JUNE 3, 1915.                    DECIDED JUNE 12, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

PLEADING—*amendment—demurrer—specific performance—injunction.*
    Where an amended bill in equity seeking a decree of specific performance of a contract and an injunction to restrain the respondent from violating the terms of the contract shows on its face that the contract provided for a series of ball games to be played between certain dates, and the time within which such ball games were to have been played had expired prior to the time of filing the amended bill, the performance of the contract thereby becoming impossible, a demurrer to the amended bill was properly sustained. As both the remedy for specific performance and injunction were lost by lapse of time, the court was at the time of the filing of the amended bill powerless to grant the complainant either remedy.

OPINION OF THE COURT BY QUARLES, J.

November 25, 1914, the complainant filed its bill in equity to obtain a decree for the specific performance of a certain contract entered into by it and the respondent H. G. Lowry, and also seeking an injunction against the said H. G. Lowry and his co-respondents (thirteen in number), enjoining them from playing baseball at any place within the Territory of Hawaii other than the park of the complainant in Honolulu. To the original bill of complaint, the respondents, other than Lowry,

filed their demurrer which the circuit judge sustained. Thereupon complainant moved for leave to file an amended bill of complaint against the said co-respondents, which motion was denied and a decree was entered sustaining said demurrer and dismissing the suit as to the said thirteen co-respondents of respondent Lowry. That decree was appealed to this court and was affirmed. The facts of the case are set forth in the former opinion of this court (ante pp. 475-478), to which reference is here made. The circuit judge permitted the complainant to file an amended complaint as against the respondent Lowry, which amendment was filed December 23, 1914, in which it prayed for an injunction restraining the respondent Lowry from playing his said co-respondents in any game on Wednesdays, Saturdays, Sundays and holidays prior to the 15th day of December, 1914, at any place other than the ball grounds of the complainant, and prayed for specific performance of the contract between it and the said respondent Lowry, the substance of which is set forth in the former opinion herein, the principal features of which are as follows: that respondent Lowry should furnish to complainant the services of either the Venice baseball team or one other of the teams playing in the Pacific Coast League or an all-star aggregation of players, to be chosen from the Pacific Coast League, National League or American League, to play a series of games at the grounds of the complainant for a season beginning with Saturday, November 10, 1914, and ending December 14, 1914, respondent Lowry to pay all expenses of the team to be brought by him, and the complainant to furnish its park in good condition, with all assistants necessary to collect the gate receipts and preserve decorum; respondent Lowry to allow the complainant $50 for each game on Saturdays and Sundays and fifteen per cent. of the gate receipts, the remainder to be paid to the respondent Lowry; the matter of fixing price of admission and issuing passes to grounds when games were being played to be determined by mutual agreement of both parties. The amended bill contained allega-

tions, in addition to those contained in the original bill, to the effect that the respondent Lowry entered into a contract with his co-respondent J. J. Bliss, acting for the other respondents, wherein it was agreed that said respondents, other than respondent Lowry, should play seven games of baseball in Honolulu between the 17th day of November, 1914, and the 15th day of December, 1914; that the co-respondents of the respondent Lowry knew and understood that the games were to be played at the grounds of the complainant and entered into their contract with said respondent Lowry with reference to the said contract between complainant and respondent Lowry, and did, after arriving in Honolulu, agree to play at the grounds of the complainant under the contract between complainant and respondent Lowry, but after playing two games at the grounds of complainant that the said respondent Lowry and said other respondents combined and concerted together to injure the complainant and refused to play further games at the grounds of complainant and threatened to play at an opposition baseball park. The principal object of the amended bill seems to have been to endeavor to tie the members of the Venice baseball team, the co-respondents of respondent Lowry, to the contract entered into between the complainant and the respondent Lowry. To this amended bill of complaint the respondent Lowry filed his demurrer upon numerous grounds, among others, that, under the provisions of section 10 of the Organic Act of the Territory of Hawaii the contract between the complainant and the respondent Lowry, calling for personal services, cannot be specifically performed by decree; that the contract alleged to have been made by the respondent Lowry on the one part, and his co-respondent Bliss, acting for the other respondents, on the other part, was a contract calling for personal services and under said section of the Organic Act cannot be specifically performed by decree of court; that the said amended bill of complaint shows on its face that complainant is not entitled to the relief therein demanded. This last demurrer was sustained, and the

complainant electing to stand upon its amended bill of complaint, judgment of dismissal was regularly entered, from which the complainant has appealed.

We think the demurrer was properly sustained. At the time the amended bill of complaint was filed, December 23, 1914, the time within which the games of baseball were to have been played had expired, and even if the court was authorized to decree specific performance of a contract calling for personal services, the court could not recall the time that had passed and require the respondent Lowry to have the games of baseball played called for at the time and in the manner provided in the contract. In other words, at the time of filing the amended bill of complaint it was impossible for the respondent Lowry to perform the contract and for that reason the court was powerless to compel him to do so by decree of specific performance. For this reason the amended bill of complaint did not present a case in equity authorizing a decree of specific performance. This is also true of the amended bill of complaint in so far as it relates to the remedy of injunction. The time within which the complainant sought to have the co-respondents enjoined from playing the games of baseball at places in the Territory of Hawaii, other than the park of the complainant, having passed, it would be an idle thing to enjoin them from playing at dates which had already passed. As to this feature the court was powerless to grant the injunction sought. The question as to whether either remedy was available prior to December 15, 1914, became purely a moot question. This disposes of the material question raised by this appeal.

The decree appealed from is affirmed with costs to the respondent.

*E. C. Peters* and *R. J. O'Brien* for complainant.

*Lorrin Andrews* and *C. H. McBride* for respondent H. G. Lowry.